UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALBERT MIKLOS KUN,

    Appellant,

    v.

INTERNAL REVENUE SERVICE,

    Appellee.

Case Nos. 23-cv-01660-RS
           23-cv-01747-RS

**ORDER AFFIRMING BANKRUPTCY COURT ORDERS**

## I. INTRODUCTION

Appellant Albert Kun previously appealed a Bankruptcy Court order dismissing his adversary complaint against the Internal Revenue Service ("IRS"). That appeal affirmed the Bankruptcy Court in part and vacated in part, remanding on the issue of Appellant's 2014 taxes. The Bankruptcy Court found that the 2014 taxes were nondischargeable as a matter of law, entered judgment in favor of the IRS, and denied Appellant's subsequent motion for reconsideration. Appellant now appeals these orders. No oral argument is necessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. Bankr. P. 8019(b)(3); *see* B.L.R. 8019-1. For the reasons discussed below, the Bankruptcy Court's orders are affirmed.

## II. BACKGROUND

"Albert Kun filed for Chapter 11 bankruptcy on November 5, 2015. On March 26, 2018, the case was converted to a Chapter 7 bankruptcy, and several months later the Bankruptcy Court

ordered a discharge." *See Kun v. IRS* (*Kun I*), No. 22-cv-04641-RS, 2022 WL 17082666, at *1 (N.D. Cal. Nov. 18, 2022). After receiving notice from the IRS that "he was obligated to pay back a little over $10,000 in taxes due for the years 2012 and 2013," Kun reopened his bankruptcy case and then filed an adversary complaint against the IRS. *Id.* He sought "a declaratory judgment that those tax obligations had been discharged by the Chapter 7 proceeding." *Id.* The Bankruptcy Court dismissed the complaint and found Kun's theories "unfounded as a matter of law." *Id.* It found the same as to Kun's 2014 tax obligations, although these had not been raised in the complaint.

Kun then appealed to the District Court. The order on that appeal first affirmed the Bankruptcy Court's determination that the 2012 and 2013 tax obligations were nondischargeable as a matter of law under 11 U.S.C. § 523(a)(i). This is because they were due "after three years before the date of the filing of the [Chapter 7] petition." 2022 WL 17082666, at *2 (citing 11 U.S.C. § 507(a)(8)(A)). However, because the complaint did not raise the issue of the 2014 tax obligations, the prior order concluded that the Bankruptcy Court's mention of them constituted an advisory opinion, even though it "appears to have been [a] legally unavoidable" conclusion. *Id.* As such, the Bankruptcy Court's order was vacated insofar as it held the 2014 tax obligations nondischargeable.

Following the remand, the Bankruptcy Court permitted Kun the opportunity to amend his complaint to cover the 2014 taxes, which he did by adding the following sentence: "The 2014 taxes are hereby discharged." Dkt. 14 ("App'x"), at 10.[1] The IRS filed a motion to dismiss, which the Bankruptcy Court treated as a motion for judgment on the pleadings after essentially concluding that further amendment would be futile. The Court thus found that, as with the 2012 and 2013 taxes, the 2014 tax obligations newly at issue were priority obligations under 11 U.S.C. §507(a)(8)(A), and thus nondischargeable under § 523(a)(i). *Id.* at 105:19–21. It thus granted the motion for judgment on the pleadings, and judgment was entered in favor of the IRS.

---

[1] Docket references herein are to the docket in Case No. 23-cv-1660. Page number references in citations to the Appendix submitted by the IRS are to the page numbers listed in the header.

Kun then filed a motion for reconsideration, which was denied. The Bankruptcy Court read the motion as "attempt[ing] to revisit matters dealt with" in an entirely different adversary proceeding. *Id.* at 65. As the arguments raised in the motion were thus not salient to the issues underlying the order granting the IRS's motion, the Court concluded reconsideration was unwarranted. Kun then separately appealed the order granting the IRS's motion and entering judgment, *see Kun v. IRS*, No. 23-cv-1660, and the order denying the motion for reconsideration, *see Kun v. IRS*, No. 23-cv-1747. Those cases were then consolidated.

## III. DISCUSSION

### A. Legal Standard

The Bankruptcy Court's legal conclusions are reviewed de novo, while its factual determinations are reviewed for clear error. *See Banks v. Gill Distrib. Ctrs., Inc.*, 263 F.3d 862, 867 (9th Cir. 2001). Its denial of a motion for reconsideration is reviewed for abuse of discretion. *In re Cruz*, 516 B.R. 594, 601 (B.A.P. 9th Cir. 2014).

### B. The 2014 Tax Obligation Was Not Discharged

To quote *Kun I*, "[under] 11 U.S.C. § 523(a)(i), a Chapter 7 bankruptcy will not relieve (or 'discharge') a debtor from the obligation to pay taxes defined in 11 U.S.C. § 507(a)(8)." *Kun I*, 2022 WL 17082666, at *2; *accord* Appellant Br. at 12. So, if a tax obligation comes within the scope of § 507(a)(8)(A), it is nondischargeable as a matter of law. Appellant selectively quotes this section in his brief, so for clarity, the full language is reproduced here:

> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
>
>> (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—
>>
>>> (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
>>>
>>> (ii) assessed within 240 days before the date of the filing of the petition, exclusive of—

> (I) any time during which an offer in compromise with respect to that tax was pending or in effect during that 240-day period, plus 30 days; and
>
> (II) any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240-day period, plus 90 days; **or**
>
> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

11 U.S.C. § 507(a)(8) (emphasis added). Thus, because this section uses the disjunctive word "or" to separate its three subsections, *Kun I* explained that "only one [category] need be satisfied for the tax obligation to be nondischargeable." 2022 WL 17082666, at *2. For instance, if a tax obligation satisfies the so-called "three-year rule," embodied in § 507(a)(8)(A)(i), it is nondischargeable. *See* Arthur Boelter, 14A Mertens Law of Federal Income Taxation § 54:159, Westlaw (database updated May 2023) (§ 507(a)(8)(A) subsections are "three independent bases, such that if the taxes fall within any one of the three categories, the taxes are priority claims and excepted from discharge"). Section 507(a)(8)(A) does not, as Appellant contends, "require an assessment for the tax to be exempt from discharge." Appellant Br. at 13; *see* Gregory Germain, *Discharging Income Tax Liabilities in Bankruptcy: A Challenge to the New Theory of Strict Construction for Scrivener's Errors*, 75 UMKC L. Rev. 741, 750 (2007) (noting the three-year rule "applies to both assessed and unassessed taxes").

The Bankruptcy Court applied the three-year rule to conclude that Appellant's 2014 tax obligations were not discharged by the 2015 Chapter 7 proceeding. Indeed, as was previously foreshadowed, this is a "legally unavoidable" ruling. *Kun I*, 2022 WL 17082666, at *2. Three years before the adversary complaint was filed would be November 5, 2012. The 2014 taxes would have been due on or after April 15, 2015. The question, under the three-year rule, is simply whether April 15, 2015, is after November 5, 2012. Clearly it was, and the 2014 taxes were therefore nondischargeable by the Chapter 7 bankruptcy proceeding. The Bankruptcy Court thus reached the correct legal conclusion.

**C. None of Appellant's Additional Arguments Are Persuasive**

Appellant's brief raises several other challenges to the Bankruptcy Court's orders. First is a confusing argument that the 2014 taxes "cannot be enforced against Appellant because [his] funds are exempt property under Ninth Circuit law and treaty of the United States." Appellant Br. at 11. This seems to revolve around the fact that Appellant received a reparation payment from the German government, which are excluded from federal income tax. *See Grunfeder v. Heckler*, 748 F.2d 503, 507 (9th Cir. 1984). Why such reparation payments made in 2016 or 2020, *see* App'x at 56–59, would affect Appellant's 2014 tax obligations or taxable income is entirely unclear. What is clear is that Appellant raised this argument for the first time in his motion for reconsideration. *Id.* at 50. This is not a valid basis upon which the Bankruptcy Court could have granted reconsideration, and it thus did not abuse its discretion in denying the motion. *E.g.*, *Cooper v. Tokyo Elec. Power Co., Inc.*, 166 F. Supp. 3d 1103, 1116 (S.D. Cal. 2015).

Appellant next argues that the Bankruptcy Court "abused its jurisdiction [sic] in failing to take judicial notice requested by Appellant." Appellant Br. at 18. The relevant fact(s) of which Appellant apparently sought judicial notice is that the 2014 taxes were not assessed; for the reasons discussed above, however, that they were unassessed does not change the fact that they were nondischargeable under the three-year rule. The Bankruptcy Court thus did not abuse its discretion in declining to take judicial notice of this essentially irrelevant fact. Nor did it commit any error by converting the IRS's motion from a motion to dismiss into a motion for judgment on the pleadings. Appellant claims the IRS's "failure to file a summary judgment motion violates [his] due process rights," seemingly because it "relieved the IRS from the burden of proof." *Id.* at 20–21. Not so. On a motion for judgment on the pleadings, the moving party (here, the IRS) still bears the burden. *In re NCAA I-A Walk-On Football Players Litig.*, 398 F. Supp. 2d 1144, 1147 (W.D. Wash. 2005). Appellant does not meaningfully argue that judgment on the pleadings was inappropriate — that is, he points to neither facts in dispute nor facts raised outside the pleadings that were salient to the Bankruptcy Court's order. *See, e.g.*, *No Casino in Plymouth v. Jewell*, No. 12-cv-01748-TLN-CMK, 2014 WL 3939585, at *6 (E.D. Cal. Aug. 11, 2014). Indeed, Appellant's

amendment to his complaint contained no factual averments at all. Thus, the Bankruptcy Court determined that judgment against Appellant was proper because, "even if all material facts in the pleading under attack" were true, the IRS was "entitled to judgment as a matter of law." *In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1083 (N.D. Cal. 2007). Appellant's suggestion that the IRS should be punished for failing to file the "correct" motion (i.e., a motion for summary judgment) is unsupported.

Finally, Appellant requests (1) that his hardship stemming from Covid-19 and other medical problems be taken into consideration in this appeal, and (2) that this Court declare that his IRS debt has priority over his debt to the State Bar of California. Appellant Br. at 24–26. With respect to the former, one can certainly sympathize with the challenges Appellant has faced, including from Covid-19, during the last few years and while prosecuting this case. This does not, however, constitute a basis to overturn a sound decision by the Bankruptcy Court. As to the latter, this issue both (a) was not properly raised before the Bankruptcy Court, and thus is not within the scope of this appeal; and (b) appears to be the subject of an entirely separate adversary proceeding. *See Kun v. State Bar. of Cal.*, No. 23-3002 (Bankr. N.D. Cal. filed May 30, 2023).

### IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's orders granting the motion to dismiss, entering judgment, and denying the motion for reconsideration are affirmed.

**IT IS SO ORDERED**.

Dated: July 25, 2023

_____
RICHARD SEEBORG
Chief United States District Judge